**THE AMIN LAW GROUP, NV. LTD.**
Ismail Amin, Esq. (State Bar No. 9343)
Lawrence Kulp, Esq. (State Bar No. 7411)
Arpa Avanessian, Esq. (State Bar No. 13065)
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Telephone: 702.990.3583
Facsimile:  702.990.3501

Attorneys for Plaintiff CC.MEXICANO.US, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CC.MEXICANO.US, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>AERO II AVIATION, INC., a Delaware limited liability company; GEORGE W. BLOOD, an individual; STEPHEN L. CRITTENDEN, an individual; DOES 1-20, inclusive; and ROES 1-10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00108-JCM-NJK<br><br>Assigned to the Hon. Nancy J. Koppe<br><br>**DECLARATION OF ISMAIL AMIN IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[*Filed concurrently with; 1) Application for Temporary Restraining Order; 2) Declaration of Romain Massaro; and 3) [Proposed] Temporary Restraining Order.* |

1
**DECLARATION OF ISMAIL AMIN, ESQ.**

## DECLARATION OF ISMAIL AMIN, ESQ.

I, ISMAIL AMIN, ESQ., DECLARE AS FOLLOWS:

1.  I am an attorney-at-law, duly licensed before all Courts in the State of Nevada.

2.  I am a partner in The Amin Law Group, NV., Ltd., counsel-of-record for Plaintiff, CC.Mexicano.US, LLC, in the above-captioned civil action.

3.  Except where stated to be on the best of my knowledge, information, and belief, I have personal knowledge of the facts set forth herein and could, and would, testify competently thereto if required to do so.

4.  I make this declaration in support of Plaintiff's Ex Parte Application for a Temporary Restraining Order and an Order to Show Cause Why a Preliminary Injunction Should Not Issue ("the Application") against Defendant Aero II Aviation, Inc. ("Defendant Aero II"), Defendant George W. Blood ("Defendant Blood"), and Defendant Stephen L. Crittenden ("Defendant Crittenden") (collectively the "Defendants").

5.  I am the custodian of records for The Amin Law Group, NV., Ltd., and attest that the documents attached as exhibits to the Application and referenced herein are true and correct copies of documents regularly prepared, maintained, or kept as records in the ordinary course of business.

/ / / / /

/ / / / /

6. Plaintiff informed Defendants on February 5, 2014, by e-mail and regular mail, that the filing of this application was imminent. True and correct copies of this correspondence are attached hereto as **Exhibit A**.

7. Upon the filing of the Application, my office will immediately provide Defendants, by e-mail and overnight mail, with copies thereof. As appears from the Declaration of Romain Massaro, filed concurrently herewith, no further notice should be required before this Court issues a temporary restraining order, because Mr. Massaro has good reason to believe that Defendants are making present efforts to dispose of the property which will be subject to the temporary restraining order and preliminary injunction, are intending to do so as soon as possible, and that further notice will only cause them to accelerate those efforts.

8. Defendants Aero II and Blood have admitted that they now have an interest in the Hawker. Defendants, through Defendant Blood, made this admission in a letter to me, dated January 14, 2014, a true and correct copy of which is attached to the Application as **Exhibit 9**.

9. On or about September 5, 2013, Defendant Blood sent an e-mail to me, stating that a new promissory should be prepared to cover the amount originally owed to Plaintiff ($257,000.00), plus additional advances, for a total principal in the amount of $490,750.00. A true and correct copy of this e-mail is attached to the Application as **Exhibit 10**.

/ / / / /

10. In that same e-mail (Exhibit 10), Defendant Blood also admitted that amount owed was $490,750, stated that the new note would be secured solely by the "Gulfstream," and further stated that the bill of sale to the Hawker must be surrendered in its stead.

11. Plaintiff and I understood that Defendant Blood's reference to "the Gulfstream" in Exhibit 10, referred to the Gulfstream 168, as had been made clear in an earlier e-mail to me from Defendant Blood on August 16, 2013. A true and correct copy of this e-mail is attached to the Application as **Exhibit 11**.

12. My office drafted the new promissory note (hereinafter, "the September Note") in accordance with Defendant Blood's aforesaid e-mail of September 5, 2013 (Exhibit 10). To the best of my knowledge and information, I believe that the September Note truthfully recited that Defendant Aero II had previously received advances from Plaintiff in the amount of $257,000.00 and had received additional advances in the amount of $208,750.00. Accordingly, the principal amount of the September Note was $465,750.00, all to be repaid on or before October 6, 2013, with interest at the rate of 10%. A true and correct copy of the September Note is attached to the Application as **Exhibit 12**.

13. The September Note also recited that the purpose of the loan was for the purchase and delivery of gold bullion, and provided that Plaintiff would also be paid, at the maturity date, a fee in the amount of 20% of the value of precious cargo (having a minimum value of $1,900,000.00) to be delivered to a third-party.

/ / / / /

14. The September Note also recited that the bill of sale for the Hawker would be surrendered, but, because of scrivener's error, erroneously recited that Plaintiff would be secured with a bill of sale to the Gulfstream 467 (which should have read "Gulfstream 168").

Dated this ____ day of March, 2014.

_____
ISMAIL AMIN

I declare, under penalty of perjury and the laws of the United States and the State of Nevada, that the foregoing is true and correct.

_____
ISMAIL AMIN