UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CC.MEXICANO.US, LLC, ) | |
| ) | |
| Plaintiff(s), ) | Case No. 2:14-cv-00108-JCM-NJK |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| AERO II AVIATION, INC., et al., ) | |
| ) | |
| Defendant(s). ) | |

    This matter comes to the Court on the failure of Defendant Aero II Aviation, Inc. ("Defendant") to retain counsel or respond to the Court's order to show cause issued on March 21, 2014. For the reasons stated below, the Court recommends that default judgment be entered against Defendant Aero II Aviation, Inc. on Plaintiff's claims, and that all counterclaims and third-party claims filed by Defendant Aero II Aviation, Inc. be dismissed without prejudice.

    Defendant has not appeared in this case through counsel. On March 21, 2014, the Court informed Defendant that, "[w]hile individuals may appear in Court *pro se*, corporations may appear in federal court only through licensed counsel. *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993)." Docket No. 15. The Court ordered Defendant to show cause why default judgment should not be entered against it for failure to appear through licensed counsel. *Id.* Alternatively, the Court indicated that the filing of a notice of appearance by licensed counsel on Defendant's behalf would satisfy the Court that default judgment is not appropriate. *Id.* The deadline for Defendant to file a response to the order to show cause or a notice of appearance was April 4, 2014. *Id.*

On March 24, 2014, Defendant and its co-Defendant George Blood filed what they characterize as a third-party complaint. Docket No. 18. As with the previous filings, it appears that the document was not filed on Defendant's behalf by counsel. *See id.* at 30. Plaintiff has responded by indicating that the claims in the third-party complaint, which it characterizes as counterclaims, should be dismissed because they were not filed on Defendant's behalf by an attorney. *See* Docket No. 19.

To date, the Court has not received a notice of appearance by an attorney on Defendant's behalf, a response to the order to show cause, or a request to extend the time to do so.[1] Defendant's willful failure to comply with the Court's Order and to retain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's Orders and the orderly administration of justice. Sanctions less drastic than default judgment and dismissal are unavailable because Defendant has willfully refused to comply with the Court's Order or obtain counsel so that it may continue to participate in this case. Indeed, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation. *See High Country Broadcasting*, 3 F.3d at 1245 (finding entry of default judgment "perfectly appropriate").

Accordingly, in light of the circumstances outlined above, the Court recommends that default judgment be entered on Plaintiff's claims against Defendant Aero II Aviation, Inc. The Court further recommends that dismissal be entered on the third-party claims and/or counterclaims brought by Defendant Aero II Aviation, Inc.[2]

---

[1] Nor is this an isolated incident. On March 21, 2014, the Court ordered Defendant to file a Certificate as to Interested Parties no later than 4:00 p.m., April 4, 2014 and further advised Defendant that the failure to timely comply with the Court's Order may result in sanctions. *See* Docket No. 14. To date, Defendant has failed to comply with this Order.

[2] To be clear, the Court's recommendation is limited to Defendant Aero II Aviation, Inc. The Court does not recommend any action be taken at this time as to the claims against Defendant George Blood, or the third-party claims and/or counterclaims of Defendant George Blood.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: April 9, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge