1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

CC.MEXICANO.US, LLC,

11                     Plaintiff(s),                    Case No. 2:14-cv-00108-JCM-NJK

12  vs.                                                 ORDER DENYING MOTION TO
                                                        STAY DISCOVERY
13  AERO II AVIATION, INC., et al.,
                                                        (Docket No. 65)
14                     Defendant(s).

15

16          Pending before the Court is Defendants' motion to stay discovery pending resolution of their

17  motion to dismiss.  Docket No. 65; *see also* Docket No. 55 (motion to dismiss).  Plaintiff filed a

18  response in opposition and Defendants filed a reply.  Docket Nos. 66, 65.  The Court finds the motion

19  properly decided without oral argument.  *See* Local Rule 78-2.  For the reasons discussed more fully

20  below, Defendants' motion to stay discovery is hereby **DENIED**.

**I.     STANDARDS**

21          "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery

22  when a potentially dispositive motion is pending."  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601

23  (D. Nev. 2011).  The case law in this District makes clear that requests to stay all discovery may be

24  granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion

25  can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the

26
27
28

merits of the potentially dispositive motion.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

With respect to the preliminary peek, the Court applies different standards depending on the type of dispositive motion brought.  Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(6) for failure to state a claim, a stay is proper when the Court is *convinced* that the plaintiff will be unable to state a claim.  *See Kor Media*, 294 F.R.D. at 583.  This is a very rigorous standard that is only met when there is no question that the dispositive motion will be granted.  *See id.*  Where the underlying motion to dismiss is brought pursuant to Rule 12(b)(2) for lack of personal jurisdiction, a less rigorous standard is applied as courts are more inclined to stay discovery pending resolution of a motion to dismiss challenging personal jurisdiction because it presents a "critical preliminary question."  *See, e.g.*, *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, *2 (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist. Lexis 146270 (D. Nev. Oct. 10, 2012)).  Nonetheless, the movant continues to bear the burden of showing a stay is proper and the Court retains discretion to require discovery to proceed. *See, e.g.*, *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 156928, *4-5 (D. Nev. Oct. 31, 2013).

## II.   ANALYSIS

Defendants' motion to stay is premised on a motion to dismiss brought both for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6).  The Court has undertaken a preliminary peek and finds that neither aspect of the motion to dismiss supports a stay of discovery.[2]  With respect to the challenge to the Court's personal jurisdiction over Defendants, Plaintiff has a reasonable argument that Defendants waived any objection to personal jurisdiction by answering the complaint.  *See* Rule 12(h).  More importantly, however, Plaintiff submitted an affidavit

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the dispositive motion may have a different view of its merits.  *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome.  *See id.*

[2] As such, the Court will not address the first two requirements outlined above.  *See Kor Media Group*, 294 F.R.D. at 581.

1  with jurisdictional facts that appear to the undersigned to show that there is personal jurisdiction in this

2  District.  *See* Docket No. 58 at 8-9.

3      With respect to the motion that Plaintiff failed to state a claim, the Court notes primarily that it

4  challenges the claims against the individual Defendants only and not against Aero II Aviation.  *See*

5  Docket No. 55 at 2.  Accordingly, that Rule 12(b)(6) motion does not serve as a basis for staying

6  discovery against Aero II Aviation.  *See, e.g., White v. American Tobacco Co.*, 125 F.R.D. 508, 509 (D.

7  Nev. 1989) (denying motion to stay discovery against one defendant where motion to dismiss filed by

8  another defendant).  Moreover, the individual Defendants failed to make the strong showing necessary

9  to convince the undersigned that they will prevail on this motion.  In particular, the motion challenges

10  the sufficiency of the allegations that the individual Defendants acted as Aero II Aviation's alter ego,

11  but the cases cited by Defendants do not actually address the sufficiency of factual alter ego allegations

12  to survive a motion to dismiss.  *See* Docket No. 55 at 3-4 (citing *Brown v. Kinross Gold U.S.A., Inc.*,

13  531 F. Supp. 2d 1234, 1241-42 (D.Nev. 2008) (resolving motion for summary judgment) and *S.E.C. v.

14  Elmas Trading Corp.*, 620 F. Supp. 231, 235-41 (D. Nev. 1985) (resolving motion modifying permanent

15  injunction)).  Indeed, the undersigned recently rejected a motion to stay based on similar arguments.  *See*

16  *Kor Media Group*, 294 F.R.D. at 584 (denying motion to stay discovery based on Rule 12(b)(6)

17  challenge to alter ego allegations, noting case law asserting that "because we are at the pleadings stage,

18  it seems premature to foreclose the possibility that [Plaintiff] could establish that [the corporation] was

19  used fraudulently or for an improper purpose" (quoting *NetJets Aviation, Inc. v. Peter Sleiman Dev.*

20  *Group, LLC*, 2011 U.S. District Lexis 109973 (M.D. Fla. Sept. 27, 2011)).

21  **III.   CONCLUSION**

22      For the reasons discussed more fully above, Defendants' motion to stay discovery is hereby

23  **DENIED**.

24      IT IS SO ORDERED.

25      DATED: July 18, 2014

26

27                                          _____
                                            NANCY J. KOPPE
                                            United States Magistrate Judge

28

3