# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CC MEXICANO.US, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>AERO II AVIATION, INC., et al.,<br><br>    Defendant(s). | 2:14-CV-108 JCM (NJK) |

**ORDER**

Presently before the court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(2). (Doc. # 55). The plaintiff responded in opposition, (doc. # 58), and the defendants replied, (doc. # 62).

**I.    Background**

In June 2013, CC.Mexicano.US (hereinafter "plaintiff") met George Blood and Stephen Crittenden (hereinafter "individual defendants") of Aero II Aviation, Inc. (hereinafter "Aero II") in Las Vegas, Nevada and negotiated a deal to finance the defendants' purchase of an airplane. (Doc. # 58). At the meeting, the parties formed a loan agreement in which the plaintiff would finance the purchase of the aircraft. *Id.* The instant case focuses on the alleged failure of the defendants to fulfill their obligations arising from the loan.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

### A. FRCP 12(b)(2) Personal Jurisdiction

Nevada has authorized its courts to exercise jurisdiction over persons "on any basis not inconsistent with . . . the Constitution of the United States." Nev. Rev. Stat. § 14.065. Thus, the due process clause of the Fourteenth Amendment is the relevant constraint on Nevada's authority to bind a nonresident defendant to a judgment of its courts. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). In order to exercise jurisdiction, the nonresident must have "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The inquiry as to whether a forum state may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

First, the contacts must arise out of relationships that the "defendant himself" created with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The "minimum contacts" inquiry is defendant-focused and is not satisfied by demonstrating contacts between the plaintiff (or third parties) and the forum state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum [s]tate to justify an assertion of jurisdiction."). No matter how significant the plaintiff's contacts with the forum may be, those contacts cannot determine whether the defendant's due process rights are violated. *Walden v. Fiore*, 134 S. Ct. 1115, 1121-23 (2014); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

Second, the defendant must have "minimum contacts" with the forum state itself, rather than mere contacts with persons who reside there. *See Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that

it cannot"); *Kulko v. Superior Court of Cal., City and Cnty. of San Francisco*, 436 U.S. 84, 93 (1978) (declining to "find personal jurisdiction in a state . . . merely because [the plaintiff in a child support action] was residing there"). The defendant's contacts with the forum state may be intertwined with his transactions or interactions with the plaintiff or other parties, but a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction. *See Rush*, 444 U.S. at 332.

Accordingly, the exercise of personal jurisdiction requires that the defendant has purposefully "reach[ed] out beyond" its state and into another. *See, e.g.*, *Burger King*, 471 U.S. at 479–480 (holding that court may exercise jurisdiction when defendant entered a contractual relationship that "envisioned continuing and wide-reaching contacts"); *Keeton*, 465 U.S. at 781 (holding that court may exercise jurisdiction when defendant circulated magazines to "deliberately exploit[]" a market in the forum state). However, although physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the state—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact. *See, e.g.*, *Burger King*, 471 U.S. at 476; *Keeton*, 465 U.S. at 773–774.

The Ninth Circuit has established a three-prong test for analyzing specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (internal citations omitted).

"The purposeful availment prong of the minimum contacts test requires a qualitative evaluation of the defendant's contact with the forum state, in order to determine whether [the defendant's] conduct and connection with the forum State are such that [the defendant] should

1  reasonably anticipate being haled into court there." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell &*
2  *Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 2003) (internal quotations omitted).

### B.  FRCP 12(b)(6) Failure to State a Claim

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

James C. Mahan
U.S. District Judge

- 4 -

1 allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,
2 but must contain sufficient allegations of underlying facts to give fair notice and to enable the
3 opposing party to defend itself effectively. Second, the factual allegations that are taken as true must
4 plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to
5 be subjected to the expense of discovery and continued litigation." *Id.*

### III. Discussion

#### A. 12(b)(2) Personal Jurisdiction

In the instant case the defendants are clearly subject to the personal jurisdiction of the court. The defendants cite the Supreme Court's recent decision in *Walden v. Fiore*, arguing that the defendants' contacts are with the plaintiff, rather than the forum state. However, contrary to the defendants' claims, this is more than a mere contractual relationship with a party who happens to live in Nevada. The defendants knowingly requested a meeting with a Nevada company and negotiated the agreement at the center of this dispute in Nevada. Additionally, the agreement specifically provides that disputes be governed by Nevada law. Therefore Aero II and the individual defendants "could reasonably anticipate being haled into court" in Nevada.

#### B. 12(b)(6) Failure to State a Claim

The plaintiff alleges Aero II is a mere alter ego of the individual defendants, and although the defendants argue the complaint contains inadequate factual allegations, they are sufficient to create a plausible claim and proceed to discovery. (*See* doc. # 47, para. 12–15) (alleging: (1) upon "information[] and belie[f] . . . [that there is] unity of interest and ownership;" (2) "[defendant Aero II is a] mere alter ego, . . . mere shell instrumentality and conduit;" (3) "individuality or separateness does not . . . exist;" (4) "[d]efendants . . . acted as each other's agents and in concert with one another;" (5) "[a]dherence to the fiction of separate existence . . . [d]efendants would sanction a fraud and promote injustice"). If there is evidence supporting this claim, it is within the defendants' exclusive dominion. Discovery will determine the validity of this claim.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

## IV. Conclusion

In the instant case, the court has properly exercised jurisdiction over the defendants. By physically coming into the state and negotiating the contract at the center of this dispute, the defendants have purposefully availed themselves to the state of Nevada. Additionally the court finds that exercising personal jurisdiction comports with notions of fair play and substantial justice.

Furthermore, the plaintiff has provided sufficient factual allegations to support its alter ego theory of recovery against the individual defendants.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the defendants' motion to dismiss (doc. # 55) be, and the same hereby is, DENIED.

DATED July 31, 2014.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**