UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CC.MEXICANO.US, LLC, )<br>            Plaintiff(s),         )<br>                                       )<br>vs.                               )<br>                                       )<br>AERO II AVIATION, INC., et al., )<br>                                       )<br>            Defendant(s).      )<br>_____) | Case No. 2:14-cv-00108-JCM-NJK<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(Docket No. 131) |

Pending before the Court is Defendant George Blood's ("Defendant") Motion to Compel. Docket No. 131. The Court finds the motion to have a threshold defect that requires that it be **DENIED** without prejudice as discussed more fully below.[1]

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a party bringing a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the nonresponsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

---

[1] As an initial matter, Defendant is proceeding *pro se* and the Court construes his filings liberally. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). Nonetheless, Defendant is still required to follow the applicable rules, including those discussed herein. *See, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added).

The pending motion indicates only the statement that there was "an attempt to confer" despite which "the parties have been unable to resolve these discovery disputes without the Court's intervention." Docket No. 131 at 4.[2] This unelaborated assertion does not satisfy the requirements outlined above. Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 14, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] The pending motion consists of more than 400 pages of documents. The Court has not (and will not) review every page submitted to determine whether a sufficient meet-and-confer has been conducted. Instead, the Court did review the motion and the memorandum of points and authorities. In the event that Defendant renews his motion (following a proper meet-and-confer), he should display in a prominent manner in his motion itself the details of that meet-and-confer and support that discussion with a declaration attesting to those facts.