UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CC.MEXICANO.US, LLC, | ) | |
| | ) | |
| Plaintiff(s), | ) | Case No. 2:14-cv-00108-JCM-NJK |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AERO II AVIATION, INC., et al., | ) | |
| | ) | (Docket No. 115) |
| Defendant(s). | ) | |

Pending before the Court is Plaintiff's motion to compel discovery propounded on Defendant Stephen Crittenden. Docket No. 115. Defendant filed a response in opposition and Plaintiff filed a reply. Docket Nos. 143, 144. The Court finds the motion properly decided without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the motion to compel is hereby DENIED without prejudice.

At the time that Defendant responded to the discovery at issue, he was represented by counsel. *See, e.g.*, Docket No. 115 at 44 (interrogatory responses prepared by Defendant's then-counsel). At this time, however, Defendant is proceeding in this case *pro se*. *See, e.g.*, Docket No. 143. While parties proceeding *pro se* are still responsible for complying with applicable rules and orders, "the Ninth Circuit has repeatedly emphasized the Court's obligation to construe the filings of *pro se* parties liberally." *Hall v. Smart & Final Stores, LLC*, 2015 U.S. Dist. Lexis 20223, *3 (D. Nev. Feb. 17, 2015). "This relieves *pro se* litigants from strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftmanship against them." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

In this case, Defendant filed a response to the motion to compel that was largely inapposite to the issues currently before the Court. *See* Docket No. 143. Nonetheless, Defendant's former counsel responded to the disputed discovery with various objections. *See, e.g.*, Docket No. 115 at 45. Plaintiff's briefing in support of its motion does not meaningfully address those objections. *See* Docket No. 115-1 at 4. Instead, Plaintiff's briefing generally lists the various objections *en masse* without addressing how they relate to any particular disputed discovery request, and then indicates that Defendant has failed to explain how the objections apply. *See id.* Plaintiff asserts that Defendant "should be required to specify exactly what he finds objectionable about" the discovery requests. *See id*. In light of Defendant's *pro se* status and in light of the obvious merit to some of the objections raised by Defendant's former counsel, the Court disagrees.[1]

For example, Plaintiff propounded an interrogatory requiring Plaintiff to "state with specificity all facts relating to YOUR communications with Plaintiff, Defendant Aero, Defendant Blood, Charles Wright, EMS Global One, Inc. and Federal Aviation Title Company LLC from January 1, 2011 to present related to matters alleged in the FAC." *See* Docket No. 115 at 45. Defendant objected that such a request was, *inter alia*, overly broad and vague. Such an objection appears meritorious on the face of the record since the interrogatory as written would encompass such facts as the phone number used to call any of the above persons or entities, whether there was static on the phone line, and whether any such telephone call was patched through an assistant.[2]

On the other end of the spectrum, however, it appears that some of Defendant's responses do require supplementation. For example, in responding to the interrogatory seeking facts relating to Defendant's role and relationship with Aero II, Defendant responded that he "has no legal relationship

---

[1] As an initial matter, Plaintiff contends that all objections were waived because Defendant failed to respond to the propounded discovery in a timely manner. *See* Docket No. 115-1 at 4, 7. This argument is not developed in a meaningful way and, as such, the Court declines to address it. *See, e.g.*, *Kor Media LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

[2] This issue is by no means limited to this particular interrogatory. For example, the interrogatory seeking "all facts" related to meetings with Plaintiff, *see* Docket No. 115 at 46, would encompass such facts as the clothes that each participant wore and whether he or she drank coffee during the meeting.

or role with Aero." *See* Docket No. 115 at 44-45. Whether Defendant has a legal relationship is not the question posed, and the Court finds the answer provided to be evasive.

In addition to the above, Defendant's attorneys withdrew as counsel <u>after</u> the filing of the instant motion and, therefore, it appears that Plaintiff's meet-and-confer efforts were directed at Defendant's former counsel rather than to Defendant himself. *See* Docket No. 115-2 (describing meet-and-confer efforts); *see also* Docket No. 119 (motion to withdraw). Now that Defendant is appearing *pro se*, it makes sense that further meet-and-confer efforts should be made based on the circumstances of this case.

The Court declines to address the 34 discovery requests and responses at issue based on the briefing before it and without additional meet-and-confer efforts involving Defendant himself. As noted above, it appears plain that some of the discovery requests are improper and it also appears plain that some of the discovery responses were improper. The Court hereby **ORDERS** Defendant and Plaintiff's counsel to meet and confer about the pending discovery disputes no later than August 10, 2015. The parties should carefully review the discovery requests and responses thereto, and meaningfully address them in the meet-and-confer process. The Court expects all or most of the disputes should be resolved without further Court intervention, and the Court will not look favorably on any unreasonable conduct in attempting to resolve the disputes.

The Court further **ORDERS** that Plaintiff may renew its motion to compel following such conference to the extent necessary, <u>but</u> any renewed motion must specifically address each objection raised by Defendant's former counsel separately for each disputed discovery response. The Court further **ORDERS** Defendant's response to any renewed motion to compel must separately address each disputed discovery request. Any renewed motion to compel must be filed no later than August 24, 2015.

In light of the above, the pending motion to compel is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: July 20, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge