1  ISMAIL AMIN, ESQ. (NV Bar No. 9343)
   iamin@aminlawgroup.com
2  LAWRENCE KULP, ESQ. (NV Bar No. 7411)
3  lkulp@aminlawgroup.com
   CYRUS SAFA, ESQ. (NV Bar No. 13241)
4  csafa@aminlawgroup.com
5  **THE AMIN LAW GROUP, NV, LTD.**
   3960 Howard Hughes Parkway, Suite 500
6  Las Vegas, Nevada 89169
7  Telephone:   (702) 990-3583
   Facsimile:   (702) 990-3501
8  *Attorneys for Plaintiff, CC.MEXICANO.US, LLC*
9

10            **UNITED STATES DISTRICT COURT**

11            **DISTRICT OF NEVADA**

12

13  _____
                                        )
14  CC.MEXICANO.US, LLC,                )   Case No. 2-14-v-00108-JCM-NJK
    a Nevada limited liability company, )
15                                      )
16                                      )   **STIPULATION AND ~~(PROPOSED)~~**
            Plaintiff,                  )   **PROTECTIVE ORDER**
17                                      )
    vs.                                 )   AS AMENDED, PAGE 6-7
18                                      )
    AERO II AVIATION, INC., a Delaware  )
19  Corporation; GEORGE W. BLOOD, an    )
    individual; STEPHEN L. CRITTENDEN, an )
20  individual; DOES 1-20, inclusive; and ROE )
    ENTITIES 1-20, inclusive,          )
21                                      )
22                                      )
            Defendants.                 )
23  _____)

24         **IT IS HEREBY STIPULATED** by and between Plaintiff, CC.MEXICANO.US,
25
26  LLC, and Defendants, AERO  II AVIATION, INC., and GEORGE  W. BLOOD, by and
27  through their respective counsel of record, that in order to facilitate the exchange of
28  information and documents which may be subject to confidentiality limitations on disclosure

*The Amin Law Group, NV, Ltd.*
*3960 Howard Hughes Parkway, Fifth Floor*
*Las Vegas, NV 89169*
*Phone: (702) 990-3583 / Fax: (702) 990-3501*

due to federal laws, state laws, and privacy rights, the aforesaid parties ("Parties") stipulate to the following protective order:

It is ordered:

1. Framework and Scope of Order.

    a. This order governs all discovery in this action, court filings and all material which a producing party has designated as confidential in this action.

    b. Any person receiving confidential material shall not disclose that material to any person, except a person authorized to receive the material pursuant to this order, and shall make such disclosure only in strict compliance with this order.

    c. Any person or party providing its confidential material retains the right to disclose the material by waiving restrictions in this order for a particular purpose or use.

    d. The use of any confidential material for the purpose of any hearing or trial which is open to the public is not addressed in this order, and will be the subject of future agreement or order as the need may arise.

2. Definition of Confidential Information. For the purpose of this order, "Confidential Information" means any information of any kind the producing party designates as confidential in the manner specified in this order by the party supplying the information, and all copies of such designated material. Confidential Information may be contained in documents, testimony in depositions, exhibits, interrogatory answer, responses to requests for admission, briefs, or otherwise. Any materials which

The Amin Law Group, NV., Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV  89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

reproduce, paraphrase, summarize, or otherwise contain Confidential Information are also confidential in the same category as the original material.

3. Authorized Persons. Except for the rights retained in paragraph 1(d) above, access to Confidential Information is restricted to the following authorized persons:

    a. Parties to this action;

    b. Attorneys of record (including attorneys designated in court papers as "of counsel") in this lawsuit and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

    c. Independent persons retained by a party or its attorneys of record in this action to assist in the preparation of this action for trial (such as independent technical experts, economists, accountants, other attorneys, expert witnesses and other consultants, and the necessarily involved employees of such persons), provided such person executes the agreement referenced in paragraph 9 of this stipulation and order;

    d. This court and its employees;

    e. Court reporters transcribing testimony taken in this action and notarizing officers;

    f. As to any document containing confidential material, the person who generated the material or authorized the document or was an addressee of the document is an authorized person with respect to that document in the context of the deposition testimony or interrogatories addressed to that party; and

The Amin Law Group, NV,Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

g. Any other person that the designating party agrees to in writing.

4. <u>Designating Confidential Material.</u>   The first page of a document which contains confidential material shall be prominently marked as "Confidential Information."  The markings apply to documents produced, exhibits, discovery requests and responses, motion papers, and all other documents which reproduce, paraphrase, summarize, or otherwise contain confidential material.

5. <u>Designating "Attorneys Only."</u>   "Confidential Information: Attorneys Only" shall mean any Confidential Information as defined above and designated as "Confidential Information" pursuant to paragraph 4 above and which counsel also designates with the language "Attorneys Only."  Such designation shall be made only as to those items for which counsel for the party making such designation believes the following:

a. It is possible that one or more of the adverse parties do not already know material portions of such Confidential Information;

b. The information constitutes or contains highly sensitive financial, proprietary, trade secret or other information; and

c. Violation of this order by the use of such information by the adverse parties would be difficult to detect or establish.

Any content deemed "Confidential Information: Attorneys Only," including any briefs or derivative material citing to or otherwise setting forth such information, may be observed and used only by counsel who have appeared in this action, paralegal and office or other support staff assisting counsel in the preparation of this case for trial

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

who need this information in order to perform their work.  Such information may not be disclosed to the parties to the action, nor to any other person or persons, including, without limitation, expert witnesses or consultants, except as provided in paragraph 6 below.  All other provisions of this order shall be fully applicable thereto.  Such designations shall be used sparingly and shall be removed as soon as possible upon determination that the conditions specified above no longer exist.

6. Further Disclosure of "Attorneys Only" Information.  If any attorney for any party in this litigation desires to give, show, make available or communicate to any person, including an employee of a party or expert witness or consultant, any "Confidential Information: Attorneys Only" material, the attorney must first disclose to the providing party the identity of the person to whom he/she desires to give/disclose the document/confidential information, a description of information to be disclosed and the purpose of the disclosure.  The providing party has seven (7) calendar days (including weekends) to object, in writing and in good faith, to the disclosure.  If the providing party does not object, in writing, within seven (7) calendar days, said objection shall be deemed waived and the party shall be permitted to disclose the document/confidential information to said person.  If an objection is received within seven (7) calendar days, the receiving party shall not disclose documents/confidential information to said person, but may seek leave of court to make the disclosure in question.

7. <u>Depositions.</u>  Counsel for any party or for a witness may orally on the record designate deposition testimony as confidential material during the course of a deposition in which case the court reporter shall place such exhibits and the transcription of the testimony so designated in a separate volume marked "Confidential Information." Confidential material may be used by a receiving party to examine a witness at a deposition only if the witness is an authorized person to receive such material.  Any person who is otherwise present at the deposition shall be excused from that portion of the deposition that the attorney for a party or witness designates contains confidential material if that person is not an authorized person to whom such material may be disclosed.  Any deposition exhibit or testimony portion so designated shall not be filed with the court except in accordance with paragraph 8 of this order.

8. <u>Filing Confidential Material With the Court.</u>  Subject to court rules, all motions, briefs, discovery requests and responses, exhibits, deposition transcripts, and other documents which produce, summarize or otherwise contain any material designated as ...tial Information" by a party, if filed with the court, shall be filed in a sealed envelope which shall be labeled with the caption of this action, a description of the contents of the envelope, and the following (or an equivalent) statement:

See order issued concurrently herewith

> CONFIDENTIAL. THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMAITON COVERED BY A PROTECTIVE ORDER ENTERED IN THE CASE ENTITLED CC MEXICANO.US, LLC vs. AERO II AVIATION, INC., ET AL., CASE NO. 2-14-v-00108-JCM-NJK, AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER AND IS NOT TO BE OPENED, NOR THE CONTENTS

DISPLAYED OR REVEALED, EXCEPT BY ORDER OF THE COURT.

Such material shall be kept sealed by the clerk of the court with access only to the court and its employees and counsel for the parties. Confidential portions of papers filed in court may be separately filed in a sealed envelope, with the rest of the papers unsealed.

9. Authorized Person Acknowledgment. Before disclosing confidential material to any authorized person, except to an attorney of record, counsel for the party making such disclosure shall provide each such person with a copy of this order, shall advise each such person not to disclose any Confidential Information to any other person and that violation of this protective order will subject such person to the sanctions of this court, and each such person shall agree in writing to comply with the terms of this order in the form of the exhibit to this order. The original acknowledgments shall be maintained by the attorney for the party who designated such person. This order shall bind all parties whether or not an agreement in writing is obtained.

10. Discovery From Third Parties. When documents, testimony, or other material is sought in discovery in this action from a person (including any business entity) who is not a party, any party who has a claim of confidentiality may designate certain documents or a category of documents, and certain testimony, as "Confidential Information" under this order, and the person from whom discovery is sought may similarly make such designation. Documents and material so designated shall be treated under the provisions of this order.

The Amin Law Group, NV.,Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

11. <u>Inadvertent Disclosure.</u>  The inadvertent production of any privileged or otherwise protected material, and also the inadvertent production of material without an appropriate designation of confidentiality, is not deemed a waiver or impairment of any privilege or protection, or of the confidential nature of such material, either as to the specific material or on the same or related subject matter.  After notice that privileged material or work product material was inadvertently produced, all such material and copies shall be returned within two (2) business days.  Any document internally generated based on such material shall be destroyed.  On receiving notice that confidential material was not properly designated, all such material shall be redesignated and treated appropriately.  All internally generated documents based on such material shall be treated under such redesignation.

12. <u>Protection of Confidential Material.</u>  Counsel for the parties to whom confidential material has been furnished shall be responsible for restricting disclosure under the provisions of this agreement.  No copies of confidential material shall be made except to the extent necessary for this lawsuit.  All copies of confidential material shall be kept in secure areas at the offices of outside counsel or persons of the kind described in paragraph 3 or in the personal custody and control of such persons.  Confidential material shall be used by the person receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the proceeding, and not for any business or other purpose whatsoever.

The Amin Law Group, NV.,Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

13. Challenging a Designation.  Any Party may challenge at any time the propriety of a designation of material as "Confidential Information," or  "Confidential Information: Attorneys Only." Before seeking relief from the court, the Parties shall attempt to resolve the dispute in good faith and on an informal basis.  If the Parties cannot resolve the dispute, the challenging Party may apply to the court for an in camera examination of the material designated as "Confidential Information," or "Confidential Information: Attorneys Only," and for a determination of the propriety of the designation.  The confidential designation shall continue pending the resolution of the challenge.

14. No Admission.  The designation by a disclosing party of material as "Confidential Information" is intended solely to facilitate the preparation and trial of this action. Such designation is not an admission by any party that the designated disclosure constitutes or contains any confidential material.  Disclosure of confidential material is not a waiver of any right of the producing party to object to admissibility.

15. Conclusion of Action.  Within forty-five (45) days of the final determination of this action, all documents subject to the provisions of this order, shall be delivered by counsel for the receiving party to counsel for the producing party or shall be destroyed, and counsel for the receiving party shall certify in writing to the producing party that all such documents have been destroyed.  For example, all copies or summaries, memorandum and notes, reflecting the contents or substance of such documents shall either be delivered or destroyed as described above.  The provisions of this or any

other order entered in this action restricting the disclosure or use of confidential material shall continue to be binding at the conclusion of this action.

16. Modification or Termination. This order may be modified or terminated, as between the parties hereto, by written agreement of the parties. This order may also be modified or terminated pursuant to further order of this Court.

17. Any Party to the proceeding who has not executed this Stipulation and Protective Order as of the time it was presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

18. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Information receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of the Confidential Information, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the producing party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the producing party may, in its sole discretion and at its own cost, move to oppose production of the Confidential Information, and/or seek to obtain confidential treatment of such materials from the subpoenaing party or entity to the fullest extent available under the law. The recipient of the Subpoena may not produce any such confidential documents, testimony, or

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

19. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the producing party uses Confidential Information in a non-Confidential manner, then the producing party shall advise that the designation no longer applies.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

20. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Information under the terms herein.

**IT IS SO STIPULATED AND AGREED** by the undersigned counsel of record:

**THE AMIN LAW GROUP, NV., LTD.**

By: // Lawrence Kulp //        Dated:  August 13, 2015
  ISMAIL AMIN, ESQ.
  LAWRENCE KULP, ESQ.
  CYRUS SAFA, ESQ.
  *Attorneys for Plaintiff*

**GARMAN TURNER GORDON LLP**

By: // Eric R. Olsen //        Dated:  August 13, 2015
  ERIC R. OLSEN, ESQ.
  *Attorneys for Defendants,*
  *Aero II Aviation, Inc., and*
  *George W. Blood*

**IT IS SO ORDERED:**

_____
United States Magistrate Judge

Dated: August 14, 2015_____

The Amin Law Group, NV.,Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Amin Law Group, NV, Ltd.
3960 Howard Hughes Parkway, Fifth Floor
Las Vegas, NV 89169
Phone: (702) 990-3583 / Fax: (702) 990-3501

## EXHIBIT 1

## ACKNOWLEDGMENT CONCERNING CONFIDENTIAL MATERIAL

The undersigned acknowledges:

1. I have read the Stipulation and Protective Order (the "Order") entered in this litigation by the Court.

2. I understand its terms and that I may be subject to sanctions by the court for contempt for violation of this order

3. I have been designated by _____ [insert party name] as an authorized person under the order, and I individually and on behalf of _____ [insert party name] agree to be bound by the terms of the order.

_____
Signature

_____
Print Name

Date Signed: _____