**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CC.MEXICANO.US, LLC,

Plaintiff(s),

vs.

AERO II AVIATION, INC., et al.,

Defendant(s).

Case No. 2:14-cv-00108-JCM-NJK

ORDER DENYING MOTION

(Docket No. 161)

Pending before the Court is the motion to reopen discovery, filed by Defendants Aero II Aviation, Inc. and George Blood ("Moving Defendants"). Docket No. 161. Plaintiff filed a response and Moving Defendants filed a reply. Docket Nos. 164, 165. The parties also filed supplemental materials. Docket Nos. 170-172. The undersigned finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the motion is hereby **DENIED**.

## I. BACKGROUND

This case has a complicated procedural history, which the Court will not repeat at length here except as pertinent to the pending motion. Moving Defendants initially attempted to proceed in this case *pro se*. Docket Nos. 6, 18. On April 23, 2014, Moving Defendants began to be represented in this action by attorneys from the law firm of Hutchison & Steffen. *See* Docket No. 34. On May 13, 2014, the Court entered a scheduling order through which discovery was set to close on January 19, 2015. Docket No. 52.

On August 4, 2014, the attorneys from Hutchison & Steffen moved to withdraw as attorneys of record for Moving Defendants. Docket Nos. 75, 76. That motion indicated that Moving Defendants failed to comply with their financial obligations to the law firm, that a conflict had arisen between Moving Defendants and their attorneys, and that Defendant Blood was improperly communicating with opposing counsel as a means of circumventing his own counsel. *See* Docket No. 76 at 2-3. On August 28, 2014, the Court held a hearing on that motion and granted it from the bench. Docket No. 84.

In September 2014, attorney Michael Infuso was retained as counsel for Defendant Aero II Aviation. *See* Docket No. 105-1 at ¶ 2. On October 8, 2014, Mr. Infuso entered a notice of appearance. Docket No. 90. On October 14, 2014, Defendant Blood filed a notice that he intended to proceed *pro se*. Docket No. 92. On October 9, 2014, Defendant Blood propounded discovery on Plaintiff. *See* Docket No. 161 at 6. Plaintiff responded to the requests for admission on November 13, 2014, and to the other discovery requests on December 12, 2014. *See id.*

On December 30, 2014, the parties filed a stipulation to extend various deadlines, including the discovery cutoff. Docket No. 99. The Court denied the stipulation because it failed to address or satisfy the applicable standards. Docket No. 100 at 2. On January 5, 2015, the parties filed a renewed stipulation to extend the discovery cutoff to April 20, 2015. Docket No. 102. On January 6, 2015, the Court granted the stipulation. Docket No. 103.

On February 6, 2015, Mr. Infuso moved to withdraw as counsel for Aero II Aviation. Docket No. 105. That motion indicated that Aero II Aviation failed to comply with its financial obligations to Mr. Infuso and failed to communicate in the manner required for Mr. Infuso to effectively represent it. *See id.* at 3. Defendant Aero II Aviation did not oppose that motion to withdraw and the Court granted it on February 20, 2015. Docket No. 108. Following a series of extensions, on May 14, 2015, attorneys from Garman Turner Gordon entered a notice of appearance on behalf of Moving Defendants. *See* Docket No. 134; *see also* Docket No. 136. Moving Defendants and their new attorneys did not at that time seek extension of any deadlines in the case.

Roughly two months after the expiration of the discovery cutoff, on June 18, 2015, Moving Defendants sought an order reopening discovery. Docket No. 140. The parties then requested deferral of a resolution of that motion while they attempted to resolve certain discovery disputes, Docket No. 146

at 2, and the Court denied the motion to reopen discovery without prejudice on that basis, Docket No. 148. On September 30, 2015, Moving Defendants renewed their motion to reopen discovery. Docket No. 156. On October 1, 2015, the Court denied that renewed motion without prejudice because it did not comply with the local rules. Docket No. 157. On October 2, 2015, Moving Defendants filed a second renewed motion to reopen discovery. Docket No. 158. On October 15, 2015, the Court denied that second renewed motion because, *inter alia*, it contained numerous errors and failed to cite to any legal authority other than a passing reference to Local Rule 26-4. Docket No. 160.

Now pending before the Court is a third renewed motion to reopen discovery. Docket No. 161.

## II. STANDARDS

The Court has broad discretion in supervising the pretrial phase of litigation. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the parties'] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal citation and quotations omitted). "The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26-4; *see also Johnson*, 975 F.2d at 608-09.[1] The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

---

[1] The "good cause" standard outlined in Local Rule 26-4 is the same as the standard governing modification of the scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Derosa v. Blood Sys., Inc.*, 2013 WL 3975764, *1 n.1 (D. Nev. Aug. 1, 2013).

"[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609). The party seeking to modify the scheduling order bears the burden of establishing diligence. *Morgal v. Maricopa County Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

In addition, requests to extend the discovery cutoff filed after its expiration must be supported by a showing of excusable neglect. *See*, *e.g.*, Local Rule 26-4. The Ninth Circuit has held that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). When the movant fails to establish good cause for the requested extension, however, that shortcoming is sufficient to deny the motion and the Court need not address whether excusable neglect exists.

## III. ANALYSIS

In this instance, the Moving Defendants lump themselves together in seeking to reopen discovery. Because the Moving Defendants have not always been jointly represented in this case, the Court finds it more appropriate to analyze their diligence separately.

### A. Defendant Aero II Aviation

Defendant Aero II Aviation propounded no discovery during the discovery period. *See* Docket No. 170 at 2; *see also* Docket No. 172 at 2. Defendant Aero II Aviation provides various excuses for why discovery was not conducted, *see, e.g.*, Docket No. 161 at 8, none of which provides a basis to find good cause to reopen discovery. Defendant Aero II Aviation relies heavily on the fact that it was not represented by counsel for the entirety of the discovery period. Defendant Aero II Aviation was represented by counsel for a period of roughly seven months during the discovery period. Discovery should have begun in earnest at the time of the Rule 26(f) conference, *see* Fed. R. Civ. P. 26(d)(1), which in this case took place on May 7, 2014, *see* Docket No. 51 at 1. Defendant Aero II Aviation was represented by attorneys from Hutchison & Steffen for another three months through August 2014. *See*

Section I, *supra*. It was represented by Mr. Infuso for roughly four months from September 2014 to February 2015. *See id.*

Defendant Aero II Aviation is correct that corporate parties cannot appear in federal court without a licensed attorney, *see, e.g.*, *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993), but it has failed to adequately explain why the period during which it had counsel was an insufficient amount of time to complete discovery had it and its counsel acted diligently.[2] As to the attorneys at Hutchison & Steffen, Defendant Aero II Aviation simply says that they were engaged in other, "fairly intensive" motion practice. *See* Docket No. 161 at 8. An attorney's briefing of motions does not obviate his duty to diligently pursue discovery. As to Mr. Infuso, Defendant Aero II Aviation speculates that he may have made a conscious decision to rely on Mr. Blood (proceeding *pro se* at that time) to obtain all needed discovery and that he therefore decided to forego propounding any discovery at all on Defendant Aero II Aviation's behalf. *See id.* at 8. This argument borders on the ridiculous. In addition to being unsupported as a factual matter, an attorney's decision to rely entirely on another (*pro se*) party to conduct discovery is antithetical to the required showing of diligence.[3]

In short, Defendant Aero II Aviation had roughly seven months to conduct discovery with counsel during the discovery period. It propounded no discovery. Defendant Aero II Aviation has not established the diligence necessary to reopen discovery.

B. Defendant George Blood

With respect to Defendant George Blood's showing of diligence, the motion relies on discovery that he propounded in October 2014, asserting that the responses Plaintiff provided later in 2014 were

---

[2] Notably, the presumptively reasonable discovery period is less than the period during which Defendant Aero II Aviation was represented by counsel in this case during the discovery period. *See* Local Rule 26-1(e)(1) (providing presumptively reasonable discovery period of 180 days calculated from the date the first defendant answers or otherwise appears).

[3] Defendant Aero II Aviation asserts that Mr. Infuso was focused on other litigation. *See* Docket No. 161 at 8; *see also* Docket No. 171 at 2. To the extent this is an implicit argument that prior counsel failed to diligently pursue discovery, such a finding does not establish good cause to extend discovery. *See Derosa*, 2013 WL 3975764, at *2; *see also Silverman v. City & County of San Francisco*, 2013 WL 4516763, *3 (N.D. Cal. Aug. 23, 2013).

not sufficient. *See* Docket No. 161 at 6. While the motion focuses in significant part on Plaintiff's purported shortcomings in responding to discovery, the focus of the Court's inquiry is on the movant's diligence. *See, e.g.*, *Coleman*, 232 F.3d at 1294.

In this case, Defendant Blood had nearly a year to conduct discovery from the Rule 26(f) conference on May 7, 2014, *see* Docket No. 51 at 1, to the current discovery cutoff of April 20, 2015, *see* Docket No. 103. While the motion asserts that Plaintiff's discovery responses in November and December 2014 were insufficient, Defendant Blood did not move to compel further responses until May 13, 2015. *See* Docket No. 131.[4] On May 14, 2015, the Court denied that motion without prejudice because Defendant Blood failed to comply with the applicable meet-and-confer requirements. Docket No. 133.[5] Moving Defendants' current counsel first appeared on May 14, 2015, *see* Docket No. 134, and sent a meet-and-confer letter to opposing counsel on June 16, 2015, *see* Docket No. 146 at 1. Through his current counsel, Defendant Blood has obtained supplemental responses to his prior discovery requests through additional meet-and-confer efforts. *See* Docket No. 161 at 7. Defendant Blood argues that he is now ready to proceed with further discovery, such as depositions, in light of this newly obtained discovery. *See id.*

These circumstances do not demonstrate good cause to reopen discovery. "The diligence obligation is ongoing." *Morgal*, 284 F.R.D. at 460. The applicable standard is whether discovery could have been completed within the ordered timeframe had the movant been diligent during the entire discovery period. *See, e.g.*, *Dunfee v. Truman Capital Advisors, LP*, 2013 WL 5603258, *3 (S.D. Cal. Oct. 11, 2013) (discussing *Mondares v. Kaiser Foundation Hosp.*, 2011 WL 5374613, *2 (S.D. Cal.

---

[4] Judges within this District have provided general guideposts regarding timeliness of motions to compel, indicating that motions to compel should usually be filed prior to the deadline to file dispositive motions. *See Gault v. Nabisco Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999). The deadline to file dispositive motions expired on May 18, 2015. *See* Docket No. 103 at 5. Motion to compel are not automatically deemed timely simply because they are filed before the dispositive motion deadline. Instead, courts weigh various factors to consider whether the movant unduly delayed in bringing the motion. *See, e.g.*, *Williams v. Las Vegas Metropolitan Police Dept.*, 2015 WL 3489553, *1-2 (D. Nev. June 3, 2015).

[5] As the Court has noted previously, the Court construes the filings of *pro se* parties liberally, but they are still required to comply with applicable rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam).

Nov. 7, 2011)). When a party waits until the eve of the applicable deadlines to propound discovery or compel further responses to discovery, the fact that he would like to follow-up on that discovery with additional discovery is simply not grounds to reopen discovery altogether. *See, e.g.*, *Werbicky v. Green Tree Serv., LLC*, 2014 WL 5470466, *2 (D. Nev. Oct. 27, 2014). In this instance, Defendant Blood has shown that he propounded some written discovery during the year-long discovery period, that he filed a motion to compel on those discovery requests on the eve of the dispositive motion deadline, and that he has also attempted to obtain further responses through the meet-and-confer process. Even taking the fact that Defendant Blood appeared *pro se* during part of this time, he has simply failed to show that he could not have completed discovery by the discovery cutoff.

Defendant Blood has not established the diligence necessary to reopen discovery.

## IV. CONCLUSION

For the reasons discussed more fully above, Moving Defendants have failed to establish good cause for reopening the discovery cutoff. Accordingly, the motion to reopen discovery is hereby **DENIED**.[6] The parties shall file a joint proposed pretrial order no later than January 15, 2016.

IT IS SO ORDERED.

DATED: December 15, 2015

NANCY J. KOPPE
United States Magistrate Judge

[6] Moving Defendants also seek an order reopening the dispositive motion deadline. *See* Docket No. 161 at 3, 11. Moving Defendants argue that their new attorneys believe they have grounds to file a motion for summary judgment. *See id.* This argument is not meaningfully developed. To the extent the basis for this request is separate from the request to extend the discovery cutoff, Moving Defendants failed to establish good cause for the extension.