**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CC.MEXICANO.US, LLC, Plaintiff(s), vs. AERO II AVIATION, INC., et al., Defendant(s). | Case No. 2:14-cv-00108-JCM-NJK<br>REPORT AND RECOMMENDATION<br>(Docket No. 162) |

Pending before the Court is the motion for leave to amend and the corresponding motion to extend the deadline to amend, filed by Defendants Aero II Aviation, Inc. and George Blood ("Moving Defendants"). Docket No. 162. Plaintiff filed a response and Moving Defendants filed a reply. Docket Nos. 166, 167. The parties also filed supplemental materials. Docket Nos. 170-172. The undersigned finds the motion properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the motion be **DENIED**.

## I. BACKGROUND

This case has a complicated procedural history, which the undersigned will not repeat at length here except as pertinent to the pending motion. Moving Defendants initially attempted to proceed in this case *pro se*, filing an answer, counterclaims against Plaintiff, and a "third party complaint" against, *inter alia*, Luis Eduardo Alvarez Puga. Docket Nos. 6, 18. Those pleadings were filed in March 2014. *See id.* On April 10, 2014, Plaintiff filed a motion to strike, *inter alia*, the counterclaim and third party complaint, as well as a motion to dismiss the third party complaint. Docket Nos. 22, 24.

On April 23, 2014, attorneys from the law firm of Hutchison & Steffen appeared as counsel of record for Moving Defendants. *See* Docket No. 34. On April 26, 2014, Moving Defendants, through their counsel, filed a notice of voluntary dismissal of all of their counterclaims and third party claims. *See* Docket No. 39. That same day, Moving Defendants filed an amended answer, omitting counterclaims or third party claims. *See* Docket No. 40.

On May 13, 2014, the Court entered a scheduling order establishing that motions to amend the pleadings or add parties were due no later than October 21, 2014. Docket No. 52.

On August 4, 2014, the attorneys from Hutchison & Steffen moved to withdraw as attorneys of record for Moving Defendants. Docket Nos. 75, 76. That motion indicated that Moving Defendants failed to comply with their financial obligations to the law firm, that a conflict had arisen between Moving Defendants and their attorneys, and that Defendant Blood was improperly communicating with opposing counsel as a means of circumventing his own counsel. *See* Docket No. 76 at 2-3. On August 28, 2014, the Court held a hearing on that motion and granted it from the bench. Docket No. 84.

On October 8, 2014, attorney Michael Infuso appeared on behalf of Defendant Aero II Aviation. Docket No. 90.[1] On October 14, 2014, Defendant Blood filed a notice that he intended to proceed *pro se*. Docket No. 92. No request was filed to extend the deadline to amend the pleadings or add parties at that time; therefore, that deadline expired on October 21, 2014. On November 10, 2014, Defendant Blood filed an answer to the amended complaint that did not include any counterclaims or third party claims. Docket No. 94. On November 14, 2014, Defendant Aero II Aviation, through its counsel, filed an answer to the amended complaint that did not include any counterclaims or third party claims. Docket No. 95.

On December 30, 2014, the parties filed a stipulation to extend various deadlines, including the deadline to amend the pleadings. Docket No. 99. The Court denied the stipulation to the extent it sought to extend that deadline because it had failed to address or satisfy the applicable standards. *See* Docket No. 100 at 2. On January 5, 2015, the parties filed a renewed stipulation to extend the deadline to amend the pleadings to March 22, 2015. Docket No. 102. The stipulation expressly indicated that

[1] Mr. Infuso was retained as counsel in September 2014. *See* Docket No. 105-1 at ¶ 2.

the extension to that deadline was sought by Defendant Aero II Aviation, and argued that excusable neglect existed because Aero II Aviation's then-counsel appeared in the case just prior to the expiration of that deadline. *See id.* at 3-4. On January 6, 2015, the Court granted the stipulation. Docket No. 103.

On February 6, 2015, Mr. Infuso moved to withdraw as counsel for Aero II Aviation. Docket No. 105. That motion indicated that Aero II Aviation failed to comply with its financial obligations to Mr. Infuso and failed to communicate in the manner required for Mr. Infuso to effectively represent it. *See id.* at 3. Aero II Aviation did not oppose that motion to withdraw and the Court granted it on February 20, 2015. Docket No. 108. Following a series of extensions, on May 14, 2015, attorneys from Garman Turner Gordon appeared as counsel of record on behalf of Moving Defendants. *See* Docket No. 134; *see also* Docket No. 136. Moving Defendants and their new attorneys did not at that time seek extension of any deadlines in the case.

On June 18, 2015, Moving Defendants sought retroactive extensions of, *inter alia*, the deadline to amend the pleadings and add parties, which by then had been expired for roughly three months. Docket No. 140. The parties thereafter requested deferral of a resolution of that motion while they attempted to resolve certain discovery disputes. Docket No. 146 at 2. On July 8, 2015, the Court denied the motion without prejudice on that basis. Docket No. 148. On September 30, 2015, Moving Defendants renewed their motion to reopen various deadlines. Docket No. 156. On October 1, 2015, the Court denied that renewed motion without prejudice because it did not comply with the local rules. Docket No. 157. On October 2, 2015, Moving Defendants filed a second renewed motion to reopen the deadline to amend. Docket No. 158. On October 15, 2015, the Court denied that second renewed motion because, *inter alia*, it contained numerous errors and failed to cite to any legal authority other than a passing reference to Local Rule 26-4. Docket No. 160. The Court also provided guidance as to the refiling of any further request to reopen the deadline to amend the pleadings, and allowed one final opportunity to brief the issue. *See id.* at 2.

Now pending before the Court is a motion to amend the pleadings and to reopen the deadline to amend. Docket No. 162.

## II. STANDARDS

When a party moves to amend the pleadings after the expiration of the deadline established in the scheduling order, courts review the motion through a two-step process. First, courts treat the motion as seeking to amend the scheduling order, which is governed by the "good cause" standard outlined in Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. In particular, courts look to whether the deadline set in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the amendment." *Id.* Although prejudice to the opposing party may also be considered, the focus of the inquiry is on the movant's reasons for seeking modification. *Id.* "If that party was not diligent, the inquiry should end." *Id.* The party seeking amendment bears the burden of establishing diligence. *See, e.g.*, *Morgal v. Maricopa County Bd. Of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012).

When "good cause" has been established under Rule 16(b), courts will then examine whether amendment is proper under the standards outlined in Rule 15(a). Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)). When the movant fails to establish good cause under Rule 16(b), however, that shortcoming is sufficient to deny the motion and the Court need not address whether the standards in Rule 15(a) have been met. *See, e.g.*, *Morgal*, 284 F.R.D. at 460.

## III. ANALYSIS

Moving Defendants seek leave to plead counterclaims against Plaintiff.[2] The threshold issue before the Court is whether Moving Defendants have satisfied Rule 16(b)'s good cause standard, which focuses on the Moving Defendants' diligence. In particular, the key inquiry is whether the deadline to amend the pleadings set in the scheduling order could not have been met despite diligence. In this instance, the already-extended deadline to amend expired on March 22, 2015. *See* Docket No. 103 at 5. Moving Defendants have failed to meet their burden of establishing diligence.

Moving Defendants filed and withdrew a counterclaim and purported third party claim in early 2014. *See* Docket No. 39. As Plaintiff's responsive brief outlines at some length, the factual basis for those claims are significantly similar to the factual basis for the claims that Moving Defendants now seek to add back into this case. *See* Docket No. 166 at 3-5 (comparing proposed pleading from prior pleadings). Moving Defendants do not dispute that the factual basis for the new claims overlap in significant manner with the withdrawn claims. Nonetheless, Moving Defendants assert that they did not want to seek an order allowing for the addition of the proposed claims until they received discovery from Plaintiff. *See* Docket No. 167 at 3. Moving Defendants further argue that Plaintiff was derelict in providing discovery responses, but that Plaintiff now acknowledges through discovery a key fact pertinent to the proposed claims. *See, e.g.*, Docket No. 162 at 2. What Moving Defendants have failed to adequately explain, however, is why such discovery was necessary to plead the proposed claims when they already appeared to possess sufficient knowledge of the factual underpinnings of those proposed claims long before the expiration of the deadline to amend.[3] Certainly a party does not need to await

---

[2] Moving Defendants also seek leave to bring a cross-claim against Defendant Crittenden. *See* Docket No. 162 at 1. The proposed cross-claim against Defendant Crittenden is not described in the motion, nor is it attached as an exhibit. The motion is **DENIED** with respect to a proposed cross-claim against Defendant Crittenden for failing to comply with Local Rule 15-1(a) (requiring proposed pleading be attached to motion seeking leave to amend) and for failing to meaningfully develop any argument as to why such amendment is proper, *see, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

[3] Moving Defendants argue that they did not want to be accused of gamesmanship by withdrawing the counterclaim and third party claim only to re-allege them again later without additional information. *See* Docket No. 167 at 3. The undersigned fails to discern how diligence can be established by the fact that Moving Defendants apparently came to regret their decision to voluntarily dismiss these claims.

admissions from an opposing party before pleading a claim. To the contrary, claims are generally pleaded before receiving any discovery. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007).

In addition, the thrust of the pending motion is that Plaintiff has now acknowledged through discovery the existence of a joint venture. Docket No. 162 at 2. According to Moving Defendants, they "did not learn until *recently* that Plaintiff actually acknowledges the joint venture to retrieve gold and other items from The Philippines and sell them in Europe." *Id.* (emphasis added). As Moving Defendants concede in reply, however, this acknowledgment was first made by Plaintiff in December 2014. *See* Docket No. 167 at 5; *see also* Docket No. 166-1 at 24-27. To the extent this was an admission that Moving Defendants were waiting to receive prior to seeking leave to amend, they fail to provide sufficient explanation why they could not seek that leave by the deadline of March 22, 2015.

Lastly, the undersigned is not swayed by Moving Defendants' pleas for leniency based on the history of their attorneys withdrawing, followed by periods in which they were not represented by counsel, and then followed by the appearance of new counsel. *See, e.g.*, Docket No. 162 at 7. This revolving door of counsel was largely self-inflicted and does not establish good cause for reopening deadlines. Moreover, Moving Defendants were capable of timely seeking leave to bring the proposed claims during the periods in which they were previously represented by counsel. Similarly, the fact that Defendant Blood was proceeding *pro se* during part of this period does not establish good cause for reopening the deadline. *Cf. Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) (parties proceeding *pro se* must comply with applicable rules).

For all of these reasons, the undersigned finds that Moving Defendants failed to establish that diligence required to satisfy Rule 16(b)'s good cause standard. Because a showing of diligence has not been made, the undersigned recommends denying the motion for leave to amend.[4]

[4] For the first time in reply, Moving Defendants seek an order allowing them to assert new affirmative defenses. *See* Docket No. 167 at 1. Courts generally do not address issues raised for the first time in reply. *See, e.g., Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). The undersigned declines to do so here.

## IV. CONCLUSION

For the reasons discussed more fully above, the undersigned **RECOMMENDS** that the motion to amend be **DENIED**.

IT IS SO ORDERED.

DATED: December 15, 2015

NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.