# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| CC.MEXICANO.US, LLC, | ) | Case No. 2:14-cv-00108-JCM-NJK |
| Plaintiff(s), | ) | ORDER |
| vs. | ) | |
| AERO II AVIATION, INC., et al., | ) | (Docket No. 175) |
| Defendant(s). | ) | |

Pending before the Court is a stipulation to continue the deadline for the parties to file a joint proposed pretrial order. Docket No. 175. In particular, the parties contend that they should not be required to file a joint proposed pretrial order by the current deadline of January 15, 2016, because United States District Judge James C. Mahan has not yet ruled on the undersigned's report and recommendation issued on December 15, 2015. *See* Docket No. 174.[1] Notably, no objection was filed to that report and recommendation, and the deadline for doing so has passed. The parties are certainly correct that Judge Mahan is not obligated to adopt a report and recommendation even though objections

---

[1] As an initial matter, counsel waited until the eve of the expiration of the current deadline to file this stipulation. They contend that the requirement to file requests for extensions at least 21 days prior to the expiration of the deadline does not apply because the instant deadline was reset in the Court's order denying the motion to reopen discovery rather than in the scheduling order. *See* Docket No. 175 at 3. This contention is meritless. The timing requirements outlined in the local rules apply to requests to extend deadlines "set by the discovery plan, scheduling order, **or other order**." Local Rule 26-4 (emphasis added). Hence, the pending stipulation is untimely.

were not filed. *See, e.g.*, *Rapaport v. Soffer*, 2013 WL 6451768, *2 (D. Nev. Dec. 9, 2013) (addressing district judges' review of reports and recommendations for which no objections are lodged). Nonetheless, the parties have presented no reason to believe that the undersigned's report and recommendation will not be adopted. In short, the Court does not find the pendency of the report and recommendation, standing alone, to be sufficient reason to delay the filing of the joint proposed pretrial order.[2]

Counsel also represent that Defendant Stephen Crittenden, proceeding *pro se*, told them in a telephone call that he has been hospitalized and is not able to participate at this time in the creation of the joint proposed pretrial order. *See* Docket No. 175 at 2. No further details are provided with respect to this issue, including the anticipated length of the hospitalization.[3] Moreover, no signature is provided by Mr. Crittenden (by permission or otherwise) attesting to the underlying facts. Nonetheless, in this instance, the Court will grant a 14-day extension to the deadline to file the joint proposed pretrial order.

For the reasons outlined above, the pending stipulation is **GRANTED** in part and **DENIED** in part. The parties shall file their joint proposed pretrial order no later than January 29, 2016. The Court is not inclined to grant any further extensions absent a significantly stronger showing that further extension is necessary.

IT IS SO ORDERED.

DATED: January 15, 2016

NANCY J. KOPPE
United States Magistrate Judge

---

[2] Even if Judge Mahan were to decide not to adopt the report and recommendation, nothing would prevent the parties from seeking to amend the joint proposed pretrial order as necessary.

[3] Mr. Crittenden has been referencing his hospitalization in the Philippines for at least seven months. *See, e.g.*, Docket No. 143 at 3.