UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CC.MEXICANO US, LLC,<br><br>                             Plaintiff(s),<br><br>     v.<br><br>AERO II AVIATION, INC., et al.,<br><br>                             Defendant(s). | Case No. 2:14-CV-108 JCM (NJK)<br><br>ORDER |

Presently before the court is plaintiff CC.Mexicano.US, LLC's ("plaintiff") motion for award of attorney's fees against defendant Stephen Crittenden. (ECF No. 198). Defendant has not filed a response and the period to do so has since passed.

**I.      Background**

Plaintiff filed a complaint against defendants Aero II Aviation, Inc., George Blood, and Stephen Crittenden. (ECF No. 1). In the instant motion, plaintiff moves for an award of attorney's fees against defendant Crittenden.

The basis of all claims in plaintiff's complaint is a breach of contract for failure to pay back money loaned by plaintiff to Aero II Aviation, Inc., a defendant not presently before the court. (ECF No. 1).

Plaintiff and defendants Aero II Aviation, Inc. and George Blood reached a settlement, wherein the parties agreed to pay their own attorney's fees. (ECF No. 188). Defendant Crittenden did not participate in the settlement. (ECF No. 189).

Magistrate Judge Koppe issued an order to show cause as to why default judgment should not be entered against defendant Crittenden for failure to appear at the settlement conference. (ECF No. 189). Defendant Crittenden's failure to respond to the order to show cause or seek an extension of the deadline resulted in the court affirming Magistrate Judge Koppe's report and recommendation that default judgment be entered against defendant Crittenden. (ECF No. 194).

**James C. Mahan**
**U.S. District Judge**

Default judgment was entered against defendant Crittenden on July 15, 2016. (ECF No. 197).

Plaintiff now moves for an award of attorney's fees against defendant Crittenden based on the default judgment. (ECF No. 198).

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and costs. Fed. R. Civ. P. 54(d). Rule 54(d)(1) states that the prevailing party is entitled to costs other than attorney's fees unless a federal statute, the federal rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1).

Rule 54(d)(2)(B)(ii) provides that a motion for attorney's fees must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). "Rule 54(d)(2) creates a procedure but not a right to recover attorney's fees . . . . [T]here must be another source of authority for such an award." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999) (citation omitted). This comports with the "'American Rule' that each party must bear its own attorney's fees in the absence of a rule, statute or contract authorizing such an award." *Id.* at 1281 (citations omitted).

In diversity cases, state law controls on questions of attorney's fees. *Bevard v. Farmers Ins. Exch.*, 127 F.3d 1147, 1148 (9th Cir. 1997). Nevada Revised Statute Section 18.010(2)(b) provides that in addition to any specific statutory provision allowing attorney's fees, a court may award attorney's fees "when the court finds that the claim . . . was brought or maintained without reasonable ground or to harass the prevailing party." Nev. Rev. Stat. § 18.010(2)(b). Under Nevada law, a claim is groundless if "the allegations in the complaint . . . are not supported by any credible evidence at trial." *Allianz Ins. Co. v. Gagnon*, 860 P.2d 720, 724 (Nev. 1993) (citation omitted).

Local Rule 54-16 provides additional requirements for motions for attorney's fees. LR 54-16(b). In particular, Local Rule 54-16 requires that the moving party include a "reasonable itemization and description of the work performed," an "itemization of all costs sought to be charged as part of the fee award and not otherwise taxable," and a brief summary of the result, labor required, novelty, difficulty, requisite skill, and nature of the fee involved in the case. LR

54-16(b)(1)–(3).

## III. Discussion

### A. Timeliness of the Motion

Under Federal Rule of Civil Procedure 54, "unless a statute or court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Federal Rule of Civil Procedure 6 provides that when the period of time is stated in days, the proper way to count is to exclude the triggering day, count every day including weekends and holidays, and include the last day of the period, but if the last day is a weekend or holiday, the period continues to run until the end of the next day that is not a weekend or holiday. Fed. R. Civ. P. 6(a)(1)(A–C).

Here, default judgment was entered against defendant Crittenden on July 15, 2016. (ECF No. 197). Pursuant to Rule 6, plaintiff had until July 29, 2016, to file a motion for attorney's fees. Plaintiff could have filed its motion on July 29, 2016, because it was a Friday and not a weekend or holiday that would have triggered the exception under Rule 6. However, plaintiff's motion was filed on Monday, August 1, 2016. (ECF No. 198). Thus, plaintiff's motion is untimely.

Accordingly, plaintiff's motion for award of attorney's fees will be denied as untimely.

### B. Lack of Opposition

Local Rule 54-14(e) states that "[i]f no opposition is filed, the court may grant the motion after independent review of the record." LR 54-14(e). Here, defendant Crittenden failed to file an opposition.

However, it is irrelevant whether an opposition was filed because, as previously stated, the motion is untimely. Nonetheless, an independent review of the record on the merits reveals that the motion should be denied, as discussed below.

### C. Basis for Attorney's Fees under Nevada Law

Even assuming, *arguendo*, that the motion was timely, plaintiff fails to assert a basis under Nevada law to support a granting of attorney's fees.

Under Nevada law, attorney's fees are available only when "authorized by rule, statute, or contract." *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (1994). The district court has the sound discretion to decide whether to award attorney's fees. *Id.*

Plaintiff asserts that the three promissory notes attached to its motion authorize the payment

**James C. Mahan**
**U.S. District Judge**

- 3 -

of attorney's fees by contract. (ECF No. 198).

Plaintiff cites to the first promissory note to illustrate that defendant agreed to pay plaintiff's attorney's fees. (ECF No. 198-1). While the promissory note does state that in the event of default, the borrower is responsible for paying the lender's attorney's fees, it does not create a contractual basis for plaintiff's current request of attorney's fees from defendant Crittenden. (ECF No. 198-1). The named borrower is defendant Aero II Aviation, Inc. (ECF No. 198-1). The promissory note does not mention defendant Crittenden. (ECF No. 198-1).

Accordingly, the first promissory note does not create a contractual basis for defendant Crittenden to pay plaintiff's attorney's fees.

Next, plaintiff cites to the second promissory note to illustrate that defendant Crittenden agreed to pay plaintiff's attorney's fees. (ECF No. 198-2). As with first promissory note, the second promissory note contains a provision that in the event of default, the borrower is responsible for paying the lender's attorney's fees. (ECF No. 198-2). Once again, the named borrower is defendant Aero II Aviation, Inc., not defendant Crittenden. (ECF No. 198-2).

The second promissory note mentions defendant Crittenden, (ECF No. 198-2), but not in such a way as to create a contractual basis for him to pay plaintiff's attorney's fees. Defendant Crittenden is documented as providing collateral to secure the promissory note in the form of an FAA bill of sale given to plaintiff on behalf of the borrower, defendant Aero II Aviation, Inc. (ECF No. 198-2). Defendant Aero II Aviation, Inc. remains the borrower liable for the promissory note, (ECF No. 198-2), not defendant Crittenden, who is an officer of a separate company. (ECF No. 1).

Finally, plaintiff asserts that the third promissory note creates a contractual basis for defendant Crittenden's responsibility for plaintiff's attorney's fees. (ECF No. 198-3). As with the first and second promissory notes, the third promissory note contains a provision that in the event of default borrower will be responsible for lender's attorney's fees. Similarly, defendant Aero II Aviation, Inc., is the named borrower. (ECF No. 198-3).

The third promissory note mentions defendant Crittenden only to assert that the FAA bill of sale Crittenden provided as collateral was going to be returned to the borrower, Aero II Aviation, Inc., in exchange for the bill of sale for another aircraft as collateral. Thus, this promissory note removes defendant Crittenden from involvement in the loan between plaintiff and Aero II

**James C. Mahan**
**U.S. District Judge**

- 4 -

Aviation, Inc.

Accordingly, the third promissory note does not create a contractual basis for defendant Crittenden to pay plaintiff's attorney's fees.

Therefore, as pleaded by plaintiff, there is no contractual basis for defendant Crittenden to pay plaintiff's attorney's fees. Plaintiff does not allege any statute or rule under Nevada law necessitating defendant paying attorney's fees in the context of this case. (ECF No. 198). Thus, state law contains no basis for plaintiff's claim for attorney's fees.

Accordingly, plaintiff's motion for attorney's fees will be denied—because in addition to being untimely—plaintiff failed to show that it is entitled to attorney's fees under Nevada law.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DRECREED that plaintiff CC.Mexicano.US, LLC's motion for attorney's fees (ECF No. 198), be, and the same hereby is, DENIED.

DATED October 17, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 5 -